

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 9, 1952

Hon. Larry O. Cox                  Opinion No. V-1547
Executive Director
Board for Texas State Hos-  Re: Necessity for business
  pitals & Special Schools         managers of the various
Austin, Texas                      institutions under the
                                   Board for Texas State
                                   Hospitals and Special
                                   Schools to approve
                                   vouchers for expenditures
                                   from the State Hospitals
                                   and Special Schools Build-
Dear Sir:                          ing Fund.

        You have requested an opinion of the following
question:

        "Please advise this office whether the
    business managers for the various institu-
    tions or the Executive Director should
    initiate and approve vouchers for payment
    out of the State Hospitals and Special
    Schools Building Fund."

        House Bill 2, Acts 51st Leg., 1st C.S., 1950,
ch. 1, p. 1, created the "State Hospitals and Special
Schools Building Fund" and appropriated $5,000,000 to
the Hospital Board for the purpose of constructing, re-
pairing and equipping buildings.

        Section 1 of Article II of House Bill 426,
Acts 52nd Leg., R.S., 1951, ch. 499, p. 1228 (The General
Appropriations Act) contains appropriations to the various
State Hospitals and Special Schools entitled "Maintenance
and repairs, out of local funds" and "Capital outlay,
improvements and equipment, out of local funds." All
other appropriations to the respective institutions con-
tained in Section 1 are out of the general revenue fund.
Section 26 of Article II of the General Appropriation
Act contains the following appropriation at page 1298:

"(a) There is hereby appropriated to the Board for Texas State Hospitals and Special Schools Five Million Dollars ($5,000,000) for each fiscal year of the biennium ending August 31, 1953. Such funds are to be credited to the State Hospitals and Special Schools Building Fund which is the same hospital building fund as provided for in House Bill No. 2, First Called Session, Fifty-first Legislature.

"From and after September 1, 1951, all balances on hand or remaining in the State Hospital Fund as created by Article XIX, House Bill No. 3, First Called Session of the Fifty-first Legislature and all moneys accuring to said fund on and after September 1, 1951, from any and all sources whatsoever are hereby transferred to the General Revenue Fund.

"(b) All funds credited to the State Hospitals and Special Schools Building Fund under this Article are hereby appropriated to the Board for Texas State Hospitals and Special Schools for the purpose of architectural and engineering plans, constructing, repairing and equipping such buildings as in the opinion of the Board are necessary to the proper care of those committed or to be committed to such hospitals and special schools according to law. Provided, however, the fees paid to an architect shall not exceed six per cent (6%) for the plans, specifications and supervision of construction of said buildings and all construction contracts made for, and the final acceptance in connection with such construction, other than the plans and specifications, shall be subject to the review and approval of the Board of Control. The Board may contract for, and pay plans and specifications for any contemplated construction, even though the contract for such plans and specifications may be made in one (1) year and the contract for construction is entered into the following year.

"(c) It is hereby declared the intent and policy of the Fifty-second Legislature that the Board shall use such moneys from the State Hospitals and Special Schools Building Fund as may be required to repair and rehabilitate existing buildings and facilities."

The appropriations contained in Section 1 of Article II (pages 1240-1282) are specifically made to the various State Hospitals and Special Schools while the appropriation contained in Section 26 is made to the Board for Texas State Hospitals and Special Schools.

The Board for Texas State Hospitals and Special schools was created by House Bill 1, Acts 51st Leg., R.S. 1949, ch. 316, p. 588 (Article 3174b, V.C.S.). Section 10 provides:

"The Superintendent of any institution named herein with the approval of the Executive Director may appoint a business manager who shall receive a salary not to exceed Six Thousand Dollars ($6,000) per year and who shall receive the same emoluments as the Superintendent. The business manager shall manage the fiscal affairs of the institution, handle all maintenance matters, be responsible for the efficient operation of all auxiliary enterprises, and prepare and submit to the Executive Director the estimate of needed appropriations each biennium. He may have such other duties and powers as the Board for Texas State Hospitals and Special Schools may by rule and regulation prescribe. He shall give bond in the sum of Twenty-five Thousand Dollars ($25,000) payable to the State of Texas conditioned upon the faithful performance of his duties. His signature and the approval of the State Board of Control on any account against the appropriation funds of the institutions named herein shall authorize the Comptroller to draw his warrant against the State Treasurer in payment, provided, however, the Board of Control approval shall not be required on accounts other than those arising from the purchase of merchandise."

It is noted that the underlined portion of Article 3174b is strictly limited to the "appropriated funds of the institutions" and does not apply to funds appropriated to the Hospital Board.

Since the Board for Texas State Hospitals and Special Schools is the only agency of the State authorized to expend money out of the Hospital Building Fund, it is our opinion that the appropriation contained in Section 26 of Article II of the General Appropriation Act does not constitute "appropriated funds of the institutions" within the meaning of Section 10 of Article 3174b, V.C.S.

Section 1 of Article 6252-5, V.C.S., provides:

"All expenditures of funds appropriated to the various boards, bureaus, commissions and other agencies of the State of Texas now in existence, or hereafter created shall be made by order of the governing body thereof and the same shall be paid by warrants drawn by the Comptroller of Public Accounts on vouchers approved by the chairman or president of the governing body or by an executive officer, official or employee of such board, bureau, commission or other agency designated by the governing body by order entered on its minutes, if any, and countersigned by the secretary or an executive officer or official designated by the governing body by order entered on its minutes, if any. A certified copy of any such order entered pursuant to the provisions of this Section designating an officer, official or employee to approve and execute or to countersign vouchers, together with a signature card of the person or persons designated, shall be filed with the Comptroller of Public Accounts."

We have been informed by the Comptroller's office that pursuant to Article 6252-5 the Executive Director of the Hospital Board has been designated to approve vouchers for it. Therefore, you are advised that the Executive Director of the Board for Texas State Hospitals and Special Schools has authority to initiate and approve vouchers affecting the "State Hospitals and Special Schools Building Fund."

## SUMMARY

The Executive Director of the Board for
Texas State Hospitals and Special Schools,
rather than the Business Manager of the
various state hospitals and special schools
should initiate and approve vouchers for
payment effecting the act designated as
the "State Hospitals and Special Schools
Building Fund" created by House Bill 2, Acts
51st Legislature, 1 Called Session, 1950,
ch. 1, p. 1.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Executive Assistant

Charles D. Mathews
First Assistant

JR:am

PRICE DANIEL
Attorney General

John Reeves

Bruce W. Bryant
Assistants